# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Dorsey Hayden Smith, | Civil Action No. 2:21-03989-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Patrick Britton Harr, <br> G. Ellsworth Harris V, <br> Coastal Laboratories, Inc., <br> AMS Onsite, Inc., Both <br> Individually and as <br> Liquidating Shareholders of any <br> lapsed above named entities, | |
| Defendants. | |

The matter before the Court is Defendants' 12(b)(6) motion to dismiss Plaintiff's amended complaint for failure to state a claim. (Dkt. No. 22). For the reasons stated below, the motion is granted in part and denied in part.

## I. Background

Dorsey Hayden Smith ("Plaintiff") brings the instant lawsuit against Patrick Britton Harr, G. Elsworth Harris V, Coastal Laboratories, Inc., and AMS Onsite, Inc. (referred to as "PBH Defendants") premised on Plaintiff's employment with Defendants to sell contracts for medical testing to various facilities for Defendants' business venture. (Dkt. No. 18 at ¶¶ 2, 6). Plaintiff filed an amended complaint on January 7, 2022. (Dkt. No. 18). Plaintiff alleges the PBH Defendants failed to pay him commissions owed to him for contracts he sold. (*Id*. at ¶¶ 2-3). Plaintiff asserts claims against the PBH Defendants for: (1) violation of the South Carolina Payment of Wages Act, S.C. Code Annotated. § 41-10-10; (2) breach of contract; and (3) breach

1

of contract accompanied by a fraudulent act. On January 21, 2022, Defendants filed a 12(b)(6) motion to dismiss the amended complaint for failure to state a claim. (Dkt. No. 18). Plaintiff filed a response in opposition. (Dkt. No. 24). Defendants filed a reply. (Dkt. No. 26). The matter is ripe for the Court's review.

## II.   Legal Standard

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III.   Discussion

   1. Extrinsic Documents

The parties attach extrinsic evidence to the amended complaint, Defendants' motion to dismiss, and Plaintiff's response in opposition to Defendants' motion to dismiss. The parties do not address whether the Court may consider matters outside of the pleadings when ruling on a Rule 12(b)(6) motion to dismiss and neither party moves for the Court to convert the motion into one for summary judgment. The Court will first address this issue and determine which documents it may consider when ruling on Defendants' 12(b)(6) motion to dismiss.

Ordinarily, in resolving a motion to dismiss under Rule 12(b)(6), if a court considers material outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56," in which case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, a court may properly consider documents "attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Loftus v. F.D.I.C.*, 989 F. Supp. 2d 483, 489 (D.S.C. 2013). A document is "integral" to the complaint "where the complaint relies heavily upon its terms and effect." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

Attached to the amended complaint is a complaint and two orders from *Coastal Laboratories, Inc., et al. v. Tarun Jolly, M.D., et al.*, Civil No. 1:20-cv-02227-RBD (D. Md.). (Dkt. Nos. 18-1; 18-2; 18-3). The amended complaint references these filings when Plaintiff alleges Defendants were acting as a single business enterprise and are amalgamated for liability purposes. (Dkt. No. 18 at ¶¶ 9-12) (citing Dkt. Nos. 18-1; 18-2; 18-3). Attached to the amended complaint are text messages purportedly between Plaintiff and Defendant Patrick Britton Harr. (Dkt. Nos. 18-4; 18-5). The amended complaint references the text messages when Plaintiff alleges Defendants

promised to pay him based on commissions and promised to provide him with a 1099 form. (Dkt. No. 18 at ¶¶ 13, 16) (citing Dkt. Nos. 18-4; 18-5). Last, Plaintiff attaches a "Laboratory Service Agreement" executed between Patrick Britton Harr, CEO and Founder of Coastal Laboratories and Trupti Marshall, SVP Supply Chain Management for PruittHealth, Inc. (Dkt. No. 18-6). The amended complaint references this agreement when Plaintiff alleges, he sold contracts to PruittHealth, Inc. for the use of Defendants' facilities. (Dkt. No. 18 at ¶ 17) (citing Dkt. No. 18-6). The Court finds that the exhibits attached to Plaintiff's amended complaint are referenced throughout the amended complaint and appear to be integral to Plaintiff's allegations. Defendants do not challenge the authenticity of these exhibits. The Court will consider these documents when ruling on Defendants' 12(b)(6) motion to dismiss.

Attached to Defendants' 12(b)(6) motion to dismiss is an order filed in *Coastal Laboratories, Inc., et al. v. Tarun Jolly, M.D., et al.*, Civil No. 1:20-cv-02227-RBD (D. Md. Oct. 21, 2021). (Dkt. No. 22-2). This order is not referenced in the amended complaint and is not integral to the amended complaint. Therefore, the Court will decline to consider this document when ruling on Defendants' 12(b)(6) motion to dismiss.

Attached to Plaintiff's response in opposition to Defendants' motion to dismiss are several documents. Several attachments include printed information about defendants (Dkt. Nos. 24-1; 24-2; 24-3) and corporate filings (Dkt. Nos. 24-4; 24-5). One attachment is an email communication between Steven Leitess and Mike Ellis. (Dkt. No. 24-6). One attachment is a W-4 Form that appears to have been filled out by Plaintiff. (Dkt. No. 24-7). These documents are not referenced throughout Plaintiff's amended complaint and are not integral to the amended complaint. The Court declines to consider these documents when ruling on Defendants' 12(b)(6) motion to dismiss and declines to convert the motion into one for summary judgment. The role of

4

the Court when ruling on a 12(b)(6) motion to dismiss is to test the legal feasibility of the complaint without weighing evidence that might be offered to support or contradict it. *Loftus*, 989 F. Supp. at 489 (D.S.C. 2013).

    2. <u>Grouping Defendants Together</u>

Defendants move to dismiss Plaintiff's amended complaint for failure to state a claim arguing that Plaintiff's allegations lump the "PBH Defendants" together in an "undifferentiated mass" in violation of the facial plausibility pleading standard of Fed. R. Civ. P. 8(a). (Dkt. No. 22-1 at 3-4). Defendants argue the amended complaint must "state with specificity the acts allegedly performed by each defendant" about which the plaintiff complaints. (*Id*.) (citing *Reaves v. Ocwen Loan Servicing, LLC,* No. 5:16-cv-186-FL, 2016 WL 3248298, at *1 (E.D.N.C. June 10, 2016); *Bagwell v. Dimon*, No. 1:14-cv-495, 2015 WL 2374614, at *7 (M.D.N.C. may 18, 2015) ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief.")).

Plaintiff contends that he was employed by all four Defendants. (Dkt. No. 24 at 7). The amended complaint alleges Plaintiff was employed by the PBH Defendants who were acting in concert and/or as a single business enterprise. (Dkt. No. 18 at ¶ 6). The amended complaint alleges that the PBH Defendants promised to pay certain commissions for Plaintiff's sale of those contracts but did not fully compensate Plaintiff for those commissions. Taken in a light most favorable to Plaintiff, the amended complaint is adequately pled at this stage in the litigation. Defendants will have the opportunity to seek clarification of these issues in discovery or on summary judgment.

    3. <u>Violation of South Carolina Payment of Lost Wages Act</u>

Defendants move to dismiss Plaintiff's claim of lost wages claim asserted pursuant to the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Annotated § 41-10-10, *et seq*. for

failure to state a claim. The SCPWA "governs payment of employee wages" but not "the earnings of independent contractors." *Adamson v. Marianne Fabrics, Inc.*, 391 S.E.2d 249, 250 (S.C. 1990) (finding that whether Plaintiff was characterized as an employee under the parties' contract was a question for the jury to determine). Under South Carolina common law, the primary consideration in determining whether an employer-employee relationship exists is whether the purported employer has the right to control the servant in the performance of his work and the manner in which it is done." *Propel PEO, Inc. v. Roach,* Civ. No. 6:19-3546-HMH, 2020 WL 7264123, at * 4 (D.S.C. Dec. 10, 2020) (citing *Kilgore Grp., Inc. v. S.C. Employment Sec. Comm'n*, 437 S.E.2d 48, 49 (S.C. 1993)). Courts consider several factors to determine the right to control. *Id*.

Defendants argue that Plaintiff's allegations do not demonstrate he was employed by Defendants. Defendants argue that Plaintiff does not allege Defendants had control in the performance of Plaintiff's work and the manner in which it was done. Defendants argue that Plaintiff alleges Defendants "promised to provide [him] with a 1099 form" which demonstrates that Plaintiff was a non-employee. (Dkt. No. 22-1 at 14) (citing *Farlow v. Wachovia Bank of N. Carolina, N.A*. 259 F.3d 309, 314, fn. 5 (4th Cir. 2001) ("Form 1099 is used for reporting the income of non-employees; and the W-2 form is used for reporting the income of employees)); (Dkt. No. 18 at ¶¶ 13, 43, 28)). The amended complaint alleges that Defendants are individually and collectively employers of Plaintiff as defined in the SCPWA, S.C. Code Annotated § 41-10-10(1). (Dkt. No. 18 at ¶ 7). Plaintiff alleges he was employed by Defendants for the sale and close of contracts to facilities that required medical testing. (*Id.* at ¶ 6). Plaintiff alleges Defendants failed to fully compensate him for the contracts that he sold. (*Id*. at ¶¶ 2, 36).

Taken in a light most favorable to Plaintiff, the Court finds that Plaintiff states a plausible claim against Defendants for a violation of the SCPWA. As a result, Defendants' motion to dismiss is denied as to Plaintiff's SCPWA claim.

4. <u>Breach of Contract Accompanied by a Fraudulent Act</u>

Defendants move to dismiss for failure to state a claim, Plaintiff's claim for breach of contract accompanied by fraudulent act. Defendants argue that Plaintiff's claim for breach of contract accompanied by a fraudulent act contains vague allegations about "partial payments" from "various and different wire accounts" that fail to satisfy Federal Rule of Civil Procedure Rule 9(b)'s heightened particularity pleading standard. (Dkt. No. 22-1 at 14-15). Defendants argue the amended complaint does not include the necessary who, what, where, when, and how of the alleged transactions required by Rule 9(b). In response, Plaintiff argues that Rule 9(b)'s heightened particularity standard does not apply to a claim for breach of contract accompanied by a fraudulent act because under South Carolina law, this claim differs from a claim of "fraud". (Dkt. No. 24 at 12).

In South Carolina, to prove a claim for breach of contract accompanied by a fraudulent act, the plaintiff must show: "(1) a breach of contract, (2) fraudulent intent relating to the breaching of the contract and not merely to its making, and (3) a fraudulent act accompanying the breach." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 612 (S.C. 2002). The Supreme Court of South Carolina has broadly interpreted the "fraudulent act" element to include "any act characterized by dishonesty in fact or unfair dealing." *Id*. Consequently, a "wide variety of factual allegations suffic[e] to constitute a claim for fraudulent breach of contract." *Edens v. Goodyear Tire & Rubber Co.*, 858 F.2d 198, 201 (4th Cir. 1988).

7

Courts within the District of South Carolina have held that a claim for breach of contract accompanied by a fraudulent act is subject to the heightened pleading standard of Federal Rule of Civil Procedure Rule 9(b).  *Lima One Capital, LLC v. DAC Acquisitions, LLC*, C/A 6:19-03547-DCC, 2020 WL 5816739, at *3 (D.S.C. Sept. 30, 2020); *Parks v. Liberty Ins. Corp.*, C.A. No. 8:17-0503-HMH, 2017 WL 11457907, at * 5 (D.S.C. May 18, 2017); *Davis v. Citimortgage, Inc.*, CIVIL ACTION NO. 0:15-CV-04643-MGL, 2016 WL 4040084, at * 3 (D.S.C. July 28, 2016); *Carrington v. Mnuchin*, Civil Action No. 5:13-03422-JMC, 2014 WL 4249876, at * 10 (D.S.C. Aug. 27, 2014); *Neuman v. Levan*, Civil Action No. 8:08-03418-HFF, 2009 WL 1856569, at * 3 (D.S.C. June 26, 2009). "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Parks*, 2017 WL 11457907, at *5 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Plaintiff alleges that Defendants breached the contract by failing to pay him commissions promised by the contract and never provided him with the promised 1099 form.  (Dkt. No. 18 at ¶¶ 28-29, 32-33, 43,44, 45).  Plaintiff alleges that Defendants never paid him commission checks in the full amounts earned ($97,000 per month for 7 months and $39,000 per month for 5 months).  (*Id.* at ¶ 29).  Plaintiff alleges that he was not paid from one entity but was wired money from different accounts.  (*Id.* at ¶¶ 30-31).  Plaintiff alleges this was because Defendants intended to lure him into inaction to recover the amounts of unpaid commissions owed and to confuse the identities of the Defendants that employed him.  (*Id*. at ¶¶ 30-31) (citing Dkt. No. 18-3).  Plaintiff

8

alleges Defendants acted dishonestly and exhibited fraudulent intent relating their breach of contract by never repaying Plaintiff commission checks. (*Id.* at ¶ 45).[1]

Taken in a light most favorable to Plaintiff, the Court finds that Plaintiff fails to plead the allegations of breach of contract accompanied by a fraudulent act with particularity as required by Rule 9(b)'s heightened pleading standard. Plaintiff's allegations concern a breach of contract for failure to pay Plaintiff commissions and Defendants making payments to Plaintiff from various entities to confuse Plaintiff. Taking these allegations as true, Plaintiff asserts a breach of contract claim, but there is no independent fraudulent act alleged to have accompanied the breach. *Minter v. GOCT, Inc.*, 473 S.E.2d 67, 70 (S.C. Ct. App. 1996). Lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6). *Neuman v. Levan*, 2009 WL 1856569, at * 3 (D.S.C. June 26, 2009); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 fn. 5 (4th Cir. 1999)). As a result, Defendants' motion to dismiss is granted as to Plaintiff's claim for breach of contract accompanied by a fraudulent act.

5. <u>Amalgamation Theory of Liability</u>

Defendants move to dismiss Plaintiff's amalgamation theory of liability asserted against Defendants. (Dkt. No. 22-1 at 9). Defendants argue Plaintiff's amalgamation theory of liability offers no plausible basis for amalgamating Defendants Coastal and AMS.[2] (Dkt. No. 22-1 at 10).

---

[1] Plaintiff cites to an order issued in *Coastal Laboratories, Inc., et al. v. Tarun Jolly, M.D., et al.*, Civil No. 1:20-cv-02227-RBD (D. Md. July 15 2021) to support the allegations that Defendants engaged in fraudulent actions characterized by dishonesty and unfair dealing around the same time Defendants made large money transfers amongst themselves as noted by the Maryland District Court. (Dkt. No. 18 at ¶¶ 31; Dkt. No. 24 at 15-16) (citing Dkt. No. 18-3). Plaintiff was not a party to the Maryland action and the allegations in Plaintiff's amended complaint, taken as true, do not demonstrate Defendants' fraudulent and dishonest activity with respect to Plaintiff outside of the allegation Defendants owe Plaintiff money for earned commissions.

[2] Defendants argue that to the extent Plaintiff is asserting an amalgamation theory against individual Defendants Britton Harr and Harris, the court must dismiss those claims because under

The "single business enterprise theory requires a showing of more than the various entities' operations are intertwined", there must also be "evidence of bad faith, abuse, fraud, wrongdoing, or injustice resulting from the blurring of the entities' legal distinctions." *Pertuis v. Front Roe Restaurants, Inc.*, 817 S.E.2d 273, 280-81 (S.C. 2018).

Plaintiff alleges Defendants Coastal and AMS "operated as a single business enterprise" and cites block quotations from the complaint filed in *Coastal Laboratories, Inc., et al. v. Tarun Jolly, M.D., et al.*, Civil No. 1:20-cv-02227-RBD (D. Md. Aut. 19, 2020), involving Coastal Laboratories, Inc. and AMS On Site, Inc., to which Plaintiff was not a party. (Dkt. No. 22-1 at 11; Dkt. No. 18-1). Defendants argue that a generous reading of the Maryland case shows that Defendants Coastal and AMS operated out of the same location; provided complementary services to nursing home customers; had shared ownership and officers; and transferred money between the entities without proper documentation. (Dkt. No.22-1 at 12) (citing Dkt. No. 18 at ¶¶ 9-12, fn.4).

Taken in a light most favorable to Plaintiff, the Court finds that Plaintiff states a plausible amalgamation theory of liability against Defendants Coastal and AMS. As a result, Defendants' motion to dismiss is denied as to Plaintiff's amalgamation theory of liability.

6. <u>Breach of Contract</u>

Defendants move to dismiss Plaintiff's breach of contract claim. Defendants argue this claim fails because Plaintiff fails to demonstrate privity of contract with Defendants, but instead

---

the single business enterprise theory, an individual cannot be amalgamated with a company. (Dkt. No. 22-1 at 10) (citing *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co., LLC*, 866 S.E.2d 542, 551 (S.C. 2021)). Plaintiff's response in opposition clarifies that the amended complaint does not state an amalgamation theory with respect to individual Defendants, and only asserts an amalgamation theory as tot the corporate defendants. (Dkt. No. 24 at 5, fn. 4).

10

makes vague allegations that "PBH Defendants made a contract to employ him." (Dkt. No. 22-1 at 7) (citing Dkt. No. 18 at ¶ 40).

Under South Carolina law, a plaintiff states a breach of contract by pleading the following elements: (1) the existence of a contract; (2) its breach; and (3) damages caused by the breach. *Fuller v. E. Fire & Cas. Ins.* Co., 124 S.E.2d 602., 610 (S.C. 1962). The amended complaint alleges that Defendants employed Plaintiff to sell contracts for Defendants' business venture, where Plaintiff was to receive $1,000 per contract, per month, for the life of the contract with each facility for all contracts sold by Plaintiff. (*Id.* at ¶ 14). Plaintiff alleges that Defendants did not compensate him for the commissions he earned. (*Id.* at ¶¶ 29, 32, 33, 40, 41).

Taken in a light most favorable to Plaintiff, the Court finds that Plaintiff has stated a plausible breach of contract claim against Defendants. As a result, Defendants' motion to dismiss is denied as to Plaintiff's breach of contract claim.

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** in **PART**, **DENIES** in **PART** Defendants' 12(b)(6) motion to dismiss the complaint for failure to state a claim. (Dkt. No. 22). The Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's claim for breach of contract accompanied by a fraudulent act. The motion is otherwise **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

April 25, 2022
Charleston, South Carolina

11