## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Dorsey Hayden Smith,<br><br>      Plaintiff,<br>  v.<br><br>Patrick Britton-Harr; G. Ellsworth Harris, V; Coastal Laboratories Inc.; AMS Onsite Inc., *Both Individually and as Liquidating Shareholders of any lapsed above-named entities*,<br><br>      Defendants. | Case No. 2:21-cv-03989-RMG<br><br>**ORDER AND OPINION** |

      This matter is before the Court on Plaintiff's motion to reopen discovery, compel updated responses from Defendants, and re-depose Defendants. (Dkt. No. 105). Defendant G. Ellsworth Harris opposed the motion (Dkt. No. 119), and Plaintiff replied. (Dkt. No. 120). For the reasons stated below, the Court denies Plaintiff's motion.

**I.**    **Legal Standard**

      Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," including any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The Fourth Circuit has interpreted this language "liberally as a requirement merely that the information sought be germane to the subject matter of the action." *King v. McCown*, 831 F.2d 290, 1987 WL 38651 at *1 (4th Cir. 1987) (unpublished table decision) (citing *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977)). However, while the parties' ability to obtain information through civil discovery is broad, it is not without limits. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries."); *WLR Foods, Inc. v. Tyson Foods, Inc.*, 65 F.3d 1172, 1186-87 (4th Cir. 1995)

1

(holding information sought was not reasonably calculated to lead to the discovery of admissible evidence). In determining relevance for discovery purposes, the district court has "substantial discretion." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995).

## II.  Discussion

The Court denies Plaintiff's motion to reopen discovery, compel updated responses, and re-depose Defendants. The crux of Plaintiff's motion is that Defendant Harris provided deposition testimony in *US v. Britton-Harr et al.*, No. 23-cv-1921-ELH (D.Md. 2023) and that deposition testimony contains a statement that might constitute an admission against interest. Under Fed. R. Civ. P. 26(e), Plaintiff argues that Defendants must supplement their responses to certain interrogatories and document requests based on the activity in that case.[1] Furthermore, Plaintiff asks the Court to compel Defendant Harris to provide his deposition transcript and reopen discovery to permit Plaintiff to re-depose Defendant Harris based on the deposition transcript. Defendant Harris responded in opposition by submitting an affidavit that states, "I did not testify at a deposition in that case." (Dkt. No. 119-1).

The Court denies Plaintiff's motion because Defendant Harris has represented to this Court, through a sworn statement, that he did not provided deposition testimony in *US v. Britton-Harr et al.* Federal Rule of Civil Procedure 16 governs the scheduling and management of deadlines in federal civil cases. With regard to the modification of a schedule, Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The

---

[1] Even though the Court denies Plaintiff's motion, Rule 26(e) is an ever-present duty for civil litigants in federal court. "A party who has made a disclosure. . . must supplement or correct its disclosure. . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

2

basis of Plaintiff's argument has largely been eliminated and, at this time, the Court has not identified a "good cause" to reopen discovery.

It appears to the Court that Plaintiff's motion was based on a mistaken belief. In order to get around the Defendant Harris' sworn statement, Plaintiff replied by asking to re-depose the other Defendants in the case and by arguing that "Defendant Harris in some manner provided the above testimony." (Dkt. No. 120 at 2-3). Under the District of South Carolina Local Rule 7.07, a party may "reply to matters raised initially in a response to a motion." The effect of this rule is to prohibit a party from expanding the initial motion on reply, which is what Plaintiff does here by making new arguments on reply. *See* (Dkt. No. 120). This is procedurally improper.

### III. Conclusion

For the reasons set forth above, the Court denies Plaintiff's motion to compel. (Dkt. No. 105).

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 12, 2023
Charleston, South Carolina