**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Dorsey Hayden Smith,<br><br>       Plaintiff,<br>  v.<br><br>Patrick Britton-Harr; G. Ellsworth Harris, V; Coastal Laboratories Inc.; AMS Onsite Inc., *Both Individually and as Liquidating Shareholders of any lapsed above-named entities*,<br><br>       Defendants. | Case No. 2:21-cv-03989-RMG<br><br><br>**ORDER AND OPINION** |

      This matter comes before the Court on Plaintiff's revised motion for default judgment against Defendants Patrick Britton-Harr, Coastal Laboratories, Inc., and AMS Onsite, Inc. (the "defaulting Defendants"). (Dkt. No. 131). For the reasons set forth below, the Court grants in part Plaintiff's revised motion for default judgment.

**I.    Background**

      Plaintiff alleges Defendant Patrick Britton-Harr operated initially as CEO and later as chairman of the board of Defendants AMS Onsite, Inc. ("AMS") and Defendant Coastal Laboratories, Inc. ("Coastal") to provide infection prevention services and medical testing to nursing homes and operated these companies without regard to corporate formalities as a single business enterprise under his control. Plaintiff alleges that Defendant Britton-Harr employed him as a sales representative to market Defendants' medical testing services through an oral agreement that Plaintiff would be paid a commission of $1,000.00 per month for every nursing home sales contract he closed for Defendants.

1

On January 7, 2022, Plaintiff filed his first amended complaint, asserting claims for (1) violation of the South Carolina Payment of Wages Act ("SCPWA"); (2) breach of contract; and (3) breach of contract accompanied by a fraudulent act. (Dkt. No. 18).

On April 25, 2022, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's first amended complaint for failure to state a claim (Dkt. No. 22). (Dkt. No. 29). The Court found that Plaintiff stated a plausible claim against Defendants for violation of the SCPWA (*id.* at 7) and for breach of contract (*id.* at 11). The Court, however, granted Defendants' motion to dismiss Plaintiff's claim for breach of contract accompanied by a fraudulent act. (*Id.* at 9). Accordingly, after the Court's ruling on Defendants' motion to dismiss, Plaintiff's remaining claims were for (1) breach of contract and (2) violation of the SCPWA.

On June 26, 2023, the Court ruled on Plaintiff's motion for partial summary judgment (Dkt. No. 81). (Dkt. No. 92). Plaintiff moved for partial summary judgment on his claim for (1) breach of contract and (2) violation of the SCPWA. On Plaintiff's breach of contract claim, the Court found:

> [T]here are material disputes of fact concerning whether a contract for employment existed or, if it did, what the terms of that contract were and how much Plaintiff was actually compensated by Defendants. Under these circumstances, partial summary judgment is not appropriate on the breach of contract claim because of the many material factual disputes, which must be resolved by a jury following a trial on the merits.

(Dkt. No. 92 at 4).

On Plaintiff's SCPWA claim, the Court found:

> [T]here is a genuine dispute as to whether Plaintiff was an employee or an independent contractor. Viewing the evidence in a light most favorable to the nonmovant, the Court finds that a reasonable jury could find that Plaintiff was an independent contractor. Accordingly, the Court denies Plaintiff's motion for summary judgment on his South Carolina Payment of Wages Act claim.

2

(*Id.* at 5).

On July 10, 2023, Plaintiff moved to amend his complaint to add a claim for promissory estoppel. (Dkt. No. 96). On August 29, 2023, the Court granted Plaintiff's motion to amend. (Dkt. No. 106). On October 18, 2023, Defendant G. Ellsworth Harris answered Plaintiff's second amended complaint. (Dkt. No. 117). To date, none of the defaulting Defendants has answered the second amended complaint.

On July 10, 2023, Defense counsel moved to withdraw. (Dkt. Nos. 94, 95). On August 17, 2023, the Court granted the motions to withdraw and ordered Defendants Coastal and AMS "to retain replacement counsel and direct their replacement counsel to appear in this case within 30 days." (Dkt. No. 100). Since Defense counsel has withdrawn from this matter, only Defendant G. Ellsworth Harris, V has participated in the litigation. The corporate Defendants—Coastal and AMS—have not appeared through counsel and Defendant Britton-Harr has appeared neither pro se nor through counsel.

On November 17, 2023, Plaintiff requested that the Clerk enter default against the defaulting Defendants: Patrick Britton-Harr, Costal Laboratories, Inc., and AMS Onsite, Inc. (Dkt. No. 121). On November 20, 2023, the Clerk entered default against the defaulting Defendants. (Dkt. No. 123). On November 30, 2023, Plaintiff moved for default judgment as to the defaulting Defendants. (Dkt. No. 124). On December 29, 2023, the Court denied without prejudice Plaintiff's motion for default judgment and ordered Plaintiff to file a revised motion for default judgment with documentary evidence that supports Plaintiff's entitlement to the amount of damages requested. (Dkt. No. 129). On January 9, 2024, Plaintiff filed a revised motion for default judgment. (Dkt. No. 131). To date, none of the defaulting Defendants has responded to the motion for default judgment. This matter is ripe for the Court's review.

## II.  Legal Standard

Under Rule 55(a) of the Federal Rules of Civil Procedure, a party must seek an entry of default from the clerk before moving for default judgment under Rule 55(b).  By entry of default, the defendant is deemed to have "admitted the plaintiff's well-pleaded allegations of fact."  *Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001) (internal quotation marks omitted).  Then, on a motion for default judgment, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein."  *Anderson v. Fdn. For Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion).  "There must be a sufficient basis in the pleadings for the judgment entered."  *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006).  The Court may test this sufficiency by the Rule 12(b)(6) standard.  *See Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

When the Court "determines that liability is established and default judgment is warranted, then it must make an independent determination of the appropriate amount of damages."  *United States v. John Hudson Farms, Inc.*, 2018 WL 4119950, at *5 (E.D.N.C. Aug. 29, 2018).  "Accordingly, Plaintiff must prove [his] entitlement to the amount of monetary damages requested."  *GAG Enterprises, Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015).  "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F.Supp.2d 56, 57 (D.D.C. 2008).

**III.   Discussion**

    **A. Plaintiff is entitled to Default Judgment.**

The Court finds that Plaintiff is entitled to default judgment pursuant to Rule 55(b). As outlined above, this Court has already ruled on Defendants' motion to dismiss (Dkt. No. 29) and found that Plaintiff's claims for (1) breach of contract and (2) violation of the SCPWA were sufficiently pled to survive a Rule 12(b)(6) motion. Furthermore, the Court has ruled on Plaintiff's motion for partial summary judgment and found that triable issues exist. (Dkt. No. 92). Accordingly, the Court finds that the pleadings support default judgment and the causes of action therein.

    **B. Plaintiff is entitled to a $644,000 Default Judgment.**

Plaintiff calculates the damages as $644,000. (Dkt. No. 131-1 at 2). After reviewing Plaintiff's affidavit and documentary evidence, the Court agrees that this amount is for sum certain.

Plaintiff also requests treble damages, attorney's fees, and prejudgment interest. The Court declines to include these additional amounts in the default judgment. The South Carolina Payment of Wages Act requires employers to "pay all wages due at the time and place designated" by the employer at the time of hiring. S.C. Code Ann. § 41-10-40(D). If an employer fails to pay wages due under the Act, the employee "may recover . . . three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow." S.C. Code Ann. § 41-10-80(C). The penalty of treble damages is discretionary with the judge. *Rice v. Multimedia, Inc.* 456 S.E.2d 381, 383 (S.C. 1995). "An employee is not entitled to treble damages or attorney's fees under the Act where a bona fide dispute existed as to the wages allegedly due." *Sill v. AVSX Techs., LLC*, No. 3:16-CV-0555-MBS, 2018 WL 564397, at *3 (D.S.C. Jan. 26, 2018) (citing *Rice*, 456 S.E.2d at 384). The Court finds that there was a bona fide dispute concerning wages, which makes treble

5

damages and attorney's fees inappropriate here. As the Court found in its summary judgment order, "partial summary judgment is not appropriate on the breach of contract claim because of the many material factual disputes, which must be resolved by a jury following a trial on the merits." (Dkt. No. 92 at 4). Based on the same reasoning, the Court denies Plaintiff's request for prejudgment interest. *See Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 770 (4th Cir. 2002) ("The decision whether to award prejudgment interest lies in the discretion of the court.") (citing *Jacobs v. Am. Mut. Fire Ins. Co. of Charleston*, 340 S.E.2d 142, 143 (S.C.1986)).

### IV.  Conclusion

Based on the reasons set forth above, the Court grants in part Plaintiff's motion for default judgment. (Dkt. No. 131). The Court finds that Plaintiff is entitled to a default judgment of $644,000. The Court, however, declines to grant Plaintiff's motion for treble damages, attorney's fees, and prejudgment interest.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

February 6, 2024
Charleston, South Carolina